UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COTTRELL L. BROADNAX,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>Defendants. | Case No. 1:20-cv-00043-SKO (PC)<br><br>**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**<br><br>21-DAY DEADLINE |

Plaintiff Cottrell L. Broadnax is a state prisoner proceeding *pro se* and *in forma pauperis*. He alleges that prison officials falsely charged him with battery on a peace officer and failed to provide him medical services. (*See* Doc. 19 at 3.) In his complaint, Plaintiff states that he "bypass[ed]" the inmate appeals process and did not present his claims for administrative review prior to filing suit. (*Id.* at 1, 2.)

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under … any other Federal law … by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is mandatory and "unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (citation omitted). Inmates are required to "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal

court." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). The exhaustion requirement applies to all inmate suits relating to prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002), regardless of the relief sought by the prisoner or offered by the administrative process, *Booth v. Churner*, 532 U.S. 731, 741 (2001). Generally, failure to exhaust is an affirmative defense that the defendant must plead and prove. *Jones*, 549 U.S. at 204, 216. However, courts may dismiss a claim if failure to exhaust is clear on the face of the complaint. *See Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014).

It is clear on the face of his complaint that Plaintiff failed to exhaust administrative remedies prior to filing suit. Accordingly, the Court ORDERS Plaintiff, **within 21 days,** to show cause in writing why this action should not be dismissed for failure to exhaust. Alternatively, Plaintiff may file a notice of voluntary dismissal.

Plaintiff's response to this order should be titled, "Response to Order to Show Cause." Plaintiff should make sure that his response is **legible**—it **should not** include fingerprints and other miscellaneous markings that make it difficult to read. In addition, it **should not** include exhibits or other evidence that is unrelated to exhaustion of administrative remedies. Plaintiff is advised that failure to comply with this order will result in dismissal of this action with prejudice for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **May 5, 2020**                                    /s/ *Sheila K. Oberto*
                                                            UNITED STATES MAGISTRATE JUDGE