UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COTTRELL L. BROADNAX,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>Defendants. | Case No. 1:20-cv-00043-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**<br><br>14-DAY DEADLINE<br><br>Clerk of the Court to Assign District Judge |

Plaintiff Cottrell L. Broadnax, a state prisoner proceeding *pro se* and *in forma pauperis*, initiated this civil rights action on October 31, 2019. In his complaint, Plaintiff alleges that prison officials falsely charged him with battery on a peace officer and failed to provide him medical services. (*See* Doc. 19 at 3.) Plaintiff explicitly states that he "bypass[ed]" the inmate appeals process and did not present his claims for administrative review prior to filing suit. (*Id.* at 1, 2.)

Accordingly, on May 5, 2020, the Court issued an order to show cause why this action should not be dismissed for failure to exhaust administrative remedies. (Doc. 34.) The Court cautioned Plaintiff that his response must be legible. (*Id.* at 2.) Plaintiff filed a response on May 18, 2020. (Doc. 35.) Plaintiff submitted his response on a CDCR "Inmate/Parolee Request for Interview" form, on which he writes at different angles in print that is very difficult to read. (*See id.*) From what the Court can discern, Plaintiff merely repeats the claims in his complaint. (*Compare* Doc. 35 *with* Doc. 19 at 3.) Plaintiff does not, however, deny that he failed to exhaust

administrative remedies prior to filing suit.

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under … any … Federal law … by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is mandatory and "unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (citation omitted). Inmates are required to "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). The exhaustion requirement applies to all inmate suits relating to prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002), regardless of the relief sought by the prisoner or offered by the administrative process, *Booth v. Churner*, 532 U.S. 731, 741 (2001). Generally, failure to exhaust is an affirmative defense that the defendant must plead and prove. *Jones*, 549 U.S. at 204, 216. However, courts may dismiss a claim if failure to exhaust is clear on the face of the complaint. *See Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014).

It is clear on the face of his complaint that Plaintiff failed to exhaust administrative remedies prior to filing suit. Though Plaintiff raises serious claims that, if proven, may entitle him to relief, "exhaustion is mandatory under the PLRA." *Jones*, 549 U.S. at 211. Exhaustion, moreover, must be completed before the filing of a complaint; it cannot be completed during the pendency of lawsuit. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002); *cf. Rhodes v. Robinson*, 621 F.3d 1002, 1005-07 (9th Cir. 2010). Because Plaintiff failed to exhaust, the Court **RECOMMENDS** that this action be **DISMISSED** without prejudice. The Court DIRECTS the Clerk of the Court to assign a district judge to this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in

waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 20, 2020**              /s/ *Sheila K. Oberto*
                                    UNITED STATES MAGISTRATE JUDGE