UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COTTRELL L. BROADNAX,<br><br>        Plaintiff,<br><br>    v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>        Defendants. | No. 1:20-cv-00043-NONE-SKO (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING ACTION<br><br>(Doc. No. 37) |

      Plaintiff Cottrell L. Broadnax is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      On May 6, 2020, the assigned magistrate judge found that it is clear on the face of his complaint that plaintiff failed to exhaust administrative remedies as required by the Prison Litigation Reform Act ("PLRA").  (Doc. No. 34.)  The magistrate judge noted that plaintiff, in his operative complaint, states that he "bypass[ed]" the inmate grievance system and indicates that he did not present his claims for administrative review.  (*Id.* at 1 (citing Doc. No. 19 at 1, 2).)  Therefore, the judge ordered plaintiff to show cause why this action should not be dismissed for failure to exhaust administrative remedies prior to filing suit.  (*Id.* at 2.)

/////

/////


Plaintiff filed a response to the order to show cause on May 18, 2020. (Doc. No. 35.) Plaintiff's writing is very difficult to decipher, but it appeared that therein he merely repeated the claims set forth in his complaint. (*Compare id. with* Doc. No. 19 at 3.)

Accordingly, on May 21, 2020, the assigned magistrate judge filed findings and recommendations, finding that it is clear on the face of his complaint that plaintiff failed to exhaust his administrative remedies prior to filing suit and recommending that this action be dismissed without prejudice as a result. (Doc. No. 37.) The magistrate judge provided plaintiff fourteen (14) days to file objections to the findings and recommendations. (*Id.* at 2.)

On June 11, 2020, plaintiff filed a one-page document that the clerk's office docketed as a motion for summary judgment. (Doc. No. 38.) Plaintiff's filing in this regard is again very difficult to decipher. Plaintiff has written "Motion for Summary Judgment" near the top of the page of the document. (*Id.*) Near the center of the page, however, he has written "Findings and Recommendations to Dismiss Action for Failure to Exhaust Administrative Remedies." (*Id.*) Therefore, the court construes the document as plaintiff's objections to the May 21, 2020 findings and recommendations. Nothing in those objections, however, undermine the magistrate judge's finding that plaintiff failed to exhaust administrative remedies prior to filing suit as required, nor do the objections provide any justification for plaintiff's failure to exhaust.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the file, the court finds the findings and recommendations to be supported by the record and proper analysis. As the magistrate judge correctly found, exhaustion is mandatory under the PLRA and "unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (citation omitted). Although failure to exhaust is generally an affirmative defense that the defendant must plead and prove, *id.* at 216, courts may dismiss a claim if failure to exhaust is clear on the face of the complaint, *see Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014). Here, it is clear on the face of his complaint that plaintiff failed to exhaust his administrative remedies prior to bringing suit.

/////

/////

Accordingly,

1. The findings and recommendations issued on May 21, 2020 (Doc. No. 37) are adopted in full;
2. This action is dismissed without prejudice for failure to exhaust administrative remedies; and,
3. The Clerk of the Court is directed to assign a district judge to this case for purposes of closure and to close this case.

IT IS SO ORDERED.

Dated:   **July 13, 2020**                                         /s/ Dale A. Drozd
                                                    UNITED STATES DISTRICT JUDGE